UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG J. HEDGES,<br>　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA, et al.,<br>　　　　Defendants. | Case No. 24-cv-08354-TLT<br><br>**ORDER DISMISSING ACTION PURSUANT FED. R. CIV. P. 41(B)**<br><br>Re: ECF 28 |

On May 7, 2025, the Court granted Defendants' motion to dismiss *pro se* Plaintiff's complaint. ECF 28. The Court found that Plaintiff had (1) failed to properly serve Defendants, (2) failed to establish that the United States waived sovereign immunity, (3) failed to establish an exception to the Anti-Injunction Act and Declaratory Judgment Act, and (4) failed to state a claim. *Id.* at 4–8. The Court granted dismissal of all claims in the complaint. *Id.* at 9.

The Court permitted Plaintiff to file an amended complaint by May 13, 2025, to address the deficiencies identified in the order. *Id.* "Plaintiff's amended complaint must address the issue of sovereign immunity, the Anti-Injunction Act, and the Declaratory Judgment Act. Plaintiff must also assert factual allegations in support of his claims." *Id.*

The Court further warned Plaintiff that "[a] failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b)." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). The Court also ordered Plaintiff to properly serve all Defendant and file proof of service by May 20, 2025. ECF 28, at 9. The Court referred *pro se* Plaintiff to the help desk twice. *See* ECF 6; ECF 28, at 10.

On May 13, 2025, rather than file an amended complaint, Plaintiff filed an appeal to the Ninth Circuit Court of Appeals on the Court's order granting the motion to dismiss without prejudice. ECF 29. Plaintiff has another pending appeal in a related case, alleging similar

allegations. *Hedges v. United States, et al.*, Case No. 24-3697 (9th Cir. 2024); *see Hedges v. United States, et al.*, Case No. 3:23-cv-03429-TLT, ECF 24 (dismissing action for failure to prosecute under Federal Rule of Civil Procedure 41(b)).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Clements v. T-Mobile USA, Inc.*, No. 22-cv-7512-EJD, 2024 WL 251326, at *3 (N.D. Cal. Jan. 19, 2024) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)). Though unrepresented litigants receive special treatment when the Court assesses their pleadings, they still must comply with "all deadlines, procedural rules, and court orders," as well as the local rules. *Aguilera v. Rosenberg*, No. 15-cv2313-JAM-KJN, 2016 WL 146251, at *2 (E.D. Cal. Jan. 13, 2016).

Here, all five factors weigh in favor of dismissal. The docket reflects that Plaintiff is aware of the Court's order given Plaintiff's docket activity. ECF 29 (appeal of Court's order). Plaintiff was referred to the help desk once at the outset of this action, ECF 6, and then again in the Court's order providing leave to amend, ECF 28, at 10. In over six months of litigation, Plaintiff has yet to properly serve Defendants. *See id.* at 4–5. The Court provided notice to Plaintiff that if he fails to adhere to Court-imposed deadlines, his complaint would be dismissed with prejudice. *Id.* at 9. Moreover, the Court found that it lacked jurisdiction to hear the matter. *Id.* at 5–8.

Without an amended complaint, the grounds for dismissal identified in the Court's order remain. ECF 28. Because Plaintiff failed to file an amended complaint by the Court's imposed deadline, pursuant to Federal Rule of Civil Procedure 41(b), the Court **DISMISSES** the complaint in its entirety with prejudice. *See Link*, 370 U.S. at 630–31 (The Court has inherent power to dismiss an action *sua sponte* "to achieve orderly and expeditious disposition of cases.").

//

//

1   The Clerk of the Court is ordered to terminate the action.

2   **IT IS SO ORDERED.**

3   Dated: May 14, 2025

4   _____
    TRINA L. THOMPSON
5   United States District Judge